1   BRENDAN M. KUNKLE, Esq., State Bar No. 173292
    bkunkle@abbeylaw.com
2   MICHAEL D. GREEN, Esq., State Bar No. 214142
    mgreen@abbeylaw.com
3   MATTHEW R. LILLIGREN, Esq. State Bar No. 246991
    mlilligren@abbeylaw.com
4   ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
    100 Stony Point Road, Suite 200
5   P.O. Box 1566
    Santa Rosa, CA  95402-1566
6   (707) 542-5050
    (707) 542-2589 Fax

7

8   Attorneys for Plaintiffs

9                    UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

11

12   ASHLEE BRUM; PAULINE CAMPBELL;      )   Case No.: 1:12-CV-01636-AWI-SKO
     JAMIE HENDERSON; KIMBERLY           )
13   JENNINGS; REGINA LINGENFELTER;      )   **FIRST AMENDED COMPLAINT FOR**
     STEPHANIE O'BRIEN; MARYLYNN         )   **DAMAGES**
14   PEREZ; NANICA RICHARD; ERICKA       )
     RIOS; GINA SALDANA; STEPHANIE       )   **[DEMAND FOR JURY TRIAL]**
15   SARGINSON; TONJA SEARLES; RUBY      )
     VERGARA;  IMELDA VIVERO; NICOLE     )
16   WAGNER;                             )
                                         )
17              Plaintiffs,              )
                                         )
18        vs.                            )
                                         )
19   COUNTY OF MERCED; MARK PAZIN,       )
     Merced County Sheriff; and DOES     )
20   1through 25, inclusive,             )
                                         )
21              Defendants.              )
                                         )
22   ────────────────────────────       )

23   Plaintiffs allege as follows:

24                        **THE PARTIES**

25        1.      Plaintiffs ASHLEE BRUM, PAULINE CAMPBELL, JAMIE HENDERSON,

26   KIMBERLY JENNINGS, REGINA LINGENFELTER, STEPHANIE O'BRIEN, MARYLYNN

27   PEREZ, NANICA RICHARD, ERICKA RIOS, GINA SALDANA, STEPHANIE SARGINSON,

28   TONJA SEARLES, RUBY VERGARA, IMELDA VIVERO, and NICOLE WAGNER

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

1   (hereinafter collectively referred to as "Plaintiffs") are each adult residents of the State of

2   California.  Plaintiffs are all past and/or current employees of the COUNTY OF MERCED and

3   MARK N. PAZIN, Merced County Sheriff.  Plaintiffs are all employed by Defendants in the

4   Merced County Sheriff's Department.

5       2.    Defendant COUNTY OF MERCED is, and at all relevant times was, a public

6   entity and duly constituted political subdivision of the State of California. At all relevant times,

7   Defendant was an "employer" as defined by 42 United States Code section 2000e(b), in that

8   defendant is engaged in an industry affecting commerce and regularly employs 15 or more

9   employees, and as defined by California Government Code section 12926(d), in that defendant

10   regularly employed 5 or more persons and was a political subdivision of the state.

11       3.    Merced County Sheriff's Department is, and at all relevant times was, an operating

12   department and subsidiary of Defendant COUNTY OF MERCED.  The COUNTY OF MERCED

13   is responsible for all acts, omissions, and policies of the Merced County Sheriff's Department.

14       4.    Defendant MARK N. PAZIN, Merced County Sheriff is, and at all relevant times

15   was, an elected public official holding the position of Sheriff of the County of Merced. At all

16   relevant times, Defendant was an "employer" and "supervisor" as defined by 42 United States

17   Code section 2000e and California Government Code section 12926.

18       5.    The true names and capacities of the defendants sued herein as Does 1 through 25,

19   inclusive, are presently unknown to plaintiffs.  Plaintiffs will amend this complaint to state the

20   true names and capacities of the defendants sued herein as Does 1 through 25, inclusive, when the

21   same has been ascertained.  The use of the term "Defendants" is intended to include the named

22   defendants and all defendants designated as Does 1 through 25, inclusive, unless the context of

23   the sentence or the cause of action indicates otherwise.

24       6.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

25   named herein is legally responsible in some manner for the wrongful acts, omissions, events, and

26   violations herein described, and thereby proximately caused the injuries and damages suffered by

27   Plaintiffs.  At all relevant times, each Defendant was acting as the agent, servant, employee, alter-

28   ego, co-conspirator, partner, parent, subsidiary, co-obligator, and/or assignee of the remaining

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-2-

1    Defendants.  Each Defendant authorized, ratified, approved, and/or planned the actions and/or

2    lack of action of the other Defendants, and in doing the acts alleged herein, was acting in the

3    course and scope of such agency and/or employment, and aided, abetted, cooperated with, and/or

4    conspired with one another to do the acts alleged herein.

5                            **JURISDICTION AND VENUE**

6         7.       This Court has jurisdiction over the subject matter of this action pursuant to 28

7    United States Code sections 1331 and 1343.  This Court has supplemental jurisdiction over

8    Plaintiffs' pendent state law claims pursuant to 28 United States Code section 1367 as such

9    claims arise from a common nucleus of operative facts.

10        8.       The claims alleged herein arose in this district and all Defendants reside in this

11   district.  Venue is proper in the Fresno Branch of the United States District Court for the Eastern

12   District of California because Plaintiffs' claims arose in the County of Merced, State of California

13   and all acts and omissions which form the basis of these claims occurred in this district.

14                            **GENERAL ALLEGATIONS**

15        9.       Plaintiffs are all female correctional officers employed by Defendants at the

16   Merced County Sheriff's Department.

17        10.      Defendants have engaged in a longstanding pattern and practice of discriminating

18   against Plaintiffs and other female correctional officers because of their sex and gender, including

19   the following continued and ongoing adverse employment actions:

20               a.      Because they are female, Plaintiffs have been consistently denied the

21                       benefits of their seniority, equal shift preferences, available wage

22                       premiums, work-site location changes, supervisory positions, training,

23                       specialty and preferential assignments, and opportunities for advancement

24                       and promotion in comparison to similarly situated male employees;

25               b.      Because they are female, Plaintiffs are repeatedly held over beyond their

26                       scheduled shifts for extended periods of time, forced to work significant

27                       overtime, and given additional and unfavorable work assignments in

28                       comparison to their male counterparts;

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

-3-

c.     Because they are female, Plaintiffs are denied the ability to take scheduled lunches, breaks, vacations, holidays, and time-off, as required by law, and in comparison to their male counterparts; and

d.     Shift-bidding, time-off, overtime, pay preferences, and other tangible employment benefits are being distributed by Defendants in an unequal manner which strongly favors men and penalizes female correctional officers such as Plaintiffs.

11.     Defendants have subjected Plaintiffs to harassment and intimidation based upon their sex, ridicule from management, and unequal working conditions on account of their gender. Further, Plaintiffs and their fellow female correctional officers have been retaliated against, intimidated, and scrutinized in response to complaints about the conditions of their employment and the ongoing pattern and practice of discrimination against female correctional officers in the Merced County Sheriff's Department.

12.     Defendants have engaged in a longstanding pattern and practice of discriminating against female correctional officers and have made the conscious decision to limit the number of female correctional offers they hire and employ at their facilities resulting in a disparate impact in the terms and conditions of Plaintiffs' employment as female correctional officers.

13.     Defendants have engaged in the acts and omissions described herein for the duration of Plaintiffs' employment and have engaged in a continuous course of discriminatory conduct extending through the filing of this complaint.  Defendants have continued to intentionally discriminate against female correctional officers based upon their gender despite formal complaints, repeated objections, a prior lawsuit, and a settlement of similar claims.

14.     Plaintiffs have met all prerequisites for the filing of this suit, including the exhaustion of their administrative remedies.  Prior to filing this complaint, Plaintiffs each timely filed charges with the Fair Employment and Housing Department and the Equal Employment Opportunity Commission and obtained the necessary right to sue letters.  Plaintiffs have served the administrative complaints upon Defendants where necessary and have commenced suit herein within the time allowed by law.  Plaintiffs' administrative complaints and right to sue letters are

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-4-

1    attached hereto as Exhibit A and incorporated by reference herein.

2    **FIRST CAUSE OF ACTION**

3    Gender Discrimination and Harassment in Violation of Title VII of the Civil Rights Act of 1964

4    (Against All Defendants)

5    15.    Plaintiffs reallege and incorporate by reference all of the preceding allegations of

6    this Complaint as though fully set forth herein.

7    16.    Title VII of the Civil Rights Act of 1964, 42 United States Code section 2000e-2

8    makes it an unlawful employment practice for an employer to "discriminate against any

9    individual with respect to his compensation, terms, conditions, or privileges of employment,

10   because of such individual's . . . sex; or to limit, segregate, or classify his employees . . . in any

11   way which would deprive or tend to deprive any individual of employment opportunities or

12   otherwise adversely affect his status as an employee, because of such individual's . . . sex."

13   17.    At all relevant times, Defendants were employers covered by the provisions of 42

14   United States Code section 2000e, et seq.

15   18.    Plaintiffs are females protected by the anti-discrimination laws of 42 United States

16   Code section 2000e, et seq., and at all relevant times, were employees of Defendants within the

17   meaning of these provisions.

18   19.    At the time of the discriminatory acts alleged herein, Plaintiffs were all qualified

19   for their job duties and the shifts, positions, assignments, training, pay premiums, promotions,

20   advancement, time-off, seniority, and other tangible employment benefits and opportunities

21   which they were denied by Defendants.  Similarly situated male employees received more

22   favorable treatment than Plaintiffs.

23   20.    Defendants have discriminated against Plaintiffs and other female correctional

24   officers by treating them differently from and less preferably than similarly situated male

25   employees and by subjecting them to the discriminatory denials of tangible employment benefits

26   described herein.  Defendants have intentionally discriminated against Plaintiffs and the other

27   female correctional officers on the basis of their sex and have consistently denied them equal

28   treatment with their male counterparts.  Such conduct on the part of Defendants is designed to

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**FIRST AMENDED COMPLAINT FOR DAMAGES**                              1:12-CV-01636-AWI-SKO

1   harass and discriminate against Plaintiffs and their fellow female correctional officers.

2       21.    Defendants have continuously discriminated against Plaintiffs with respect to the

3   compensation, terms, conditions, and privileges of their employment and deprived Plaintiffs of

4   employment opportunities because they are female.  Throughout the course of their employment

5   up through the filing of this complaint, Defendants have subjected Plaintiffs to a continuing

6   pattern and practice of adverse employment actions which have materially affected the

7   compensation, terms, conditions, and privileges of Plaintiffs' employment.  Because they are

8   female, Defendants' consistently deny Plaintiffs the benefits of their seniority, equal shift

9   preferences and bidding, available positions, promotions, advancement, assignments, training,

10  promotions, time-off, and other tangible employment benefits and opportunities to which they are

11  entitled resulting in the discriminatory denial of shift premiums and pay raises, forced overtime,

12  disparate pay, disparate terms and conditions of employment, harassment, hostile work

13  environments, and other forms of discrimination in violation of the provisions of 42 United States

14  Code section 2000e, et seq.

15      22.    Defendants have engaged in a longstanding pattern and practice of discriminating

16  against female correctional officers and limiting the number of female correctional offers they

17  hire and employ at their facilities, despite formal complaints, repeated objections, a prior lawsuit,

18  and a settlement involving similar claims.  Plaintiffs and their fellow female correctional officers

19  are subjected to harassment and intimidation based upon their sex, ridicule from management,

20  and unequal working conditions on account of their gender creating a hostile and discriminatory

21  work environment.  Further, Plaintiffs and their fellow female correctional officers have been

22  retaliated against, intimidated, and scrutinized in response to complaints about the conditions of

23  their employment and the ongoing pattern and practice of discrimination against female

24  correctional officers in the Merced County Sheriff's Department.

25      23.    Defendants have been unresponsive to the complaints of Plaintiffs and other

26  female correctional officers regarding the gender discrimination and harassment occurring in the

27  Merced County Sheriff's Department.  Defendants have failed to properly and adequately

28  investigate the complaints of gender discrimination and harassment, but instead, have retaliated

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-6-

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    1:12-CV-01636-AWI-SKO

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1 against, intimidated, and scrutinized anyone who complains about Defendants' conduct or asserts

2 their right to be free from such discrimination.  Plaintiffs and other female correctional officers

3 have attempted to stop the discriminatory treatment and harassment by Defendants without

4 success.

5     24.    Defendants' policies, practices and/or procedures in terms of hiring, staffing,

6 scheduling, transferring, assigning, promoting, and compensating correctional officers as

7 described herein had a disproportionate and adverse impact on female employees such as

8 Plaintiffs with respect to the terms and conditions of their employment.

9     25.    By reason of the continuous nature of Defendants' discriminatory conduct, which

10 has been ongoing and persistent throughout the duration of Plaintiffs' employment, Plaintiffs are

11 entitled to application of the continuing violation doctrine for all of the violations alleged herein.

12     26.    As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs

13 have suffered damages and will continue to suffer damages, including, but not limited to, the loss

14 of past and future wages and earning capacity, the loss of career and employment opportunities,

15 and the loss of the benefits of seniority, training, advancement, and other employment related

16 benefits, in an amount to be proven at trial.

17     27.    As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs

18 have suffered and will continue to suffer severe emotional distress including, but not limited to,

19 mental suffering, humiliation, mental anguish, anxiety, sleeplessness, loss of enjoyment of life,

20 and other mental and emotional harm, in an amount to be proven at trial.

21     28.    By engaging in the conduct set forth above, Defendant MARK N. PAZIN acted

22 intentionally, deliberately, willfully, maliciously, recklessly, fraudulently, and oppressively, with

23 the intent to harm and discriminate against Plaintiffs, and with an improper and evil motive

24 amounting to malice, in callous disregard of the rights of Plaintiffs.  Plaintiffs are therefore

25 entitled to recover punitive and exemplary damages from Defendant MARK N. PAZIN, in an

26 amount to be proven at trial.

27     29.    Plaintiffs are entitled to reasonable attorneys' fees, expert witness fees, and costs

28 pursuant to 42 United States Code sections 1988 and 2000e-5(k) and other applicable laws.

30.     By reason of the discrimination suffered by Plaintiffs, they are entitled to all legal and equitable remedies available under Title VII.

### SECOND CAUSE OF ACTION

Violation of Plaintiffs' Civil Rights – 42 United States Code section 1983

(Against All Defendants)

31.     Plaintiffs reallege and incorporate by reference all of the preceding allegations of this Complaint as though fully set forth herein.

32.     At all relevant times, Defendant MARK N. PAZIN was the Merced County Sheriff, an elected public official at Defendant COUNTY OF MERCED in charge of the Merced County Sheriff's Department. In performing the acts described herein, Defendant MARK N. PAZIN, Merced County Sheriff, was acting or purporting to act in the performance of his official duties on behalf of Defendants in addition to his individual capacity.

33.     Defendant MARK N. PAZIN, Merced County Sheriff, adopted an official policy and custom as Defendants' official policy making official to treat female correctional officers within the Merced County Sheriff's Department differently and less preferably than similarly situated male employees with respect to the compensation, terms, conditions, and privileges of their employment and by uniformly subjecting Plaintiffs to the discriminatory denials of the tangible employment benefits described above. Defendants' longstanding pattern and practice of discriminating against female correctional officers and limiting the number of female correctional offers they hire and employ at their facilities constitutes a permanent, widespread, and well-settled practice of Defendants which was officially adopted by Defendants' failure to investigate and correct such discriminatory treatment and widespread constitutional violations in the face of formal complaints, repeated objections, a prior lawsuit, and a settlement of similar claims. At all relevant times, Defendants had an official policy and custom in place that discriminated against female correctional officers employed by the Merced County Sheriff's Department.

34.     Defendants intentionally discriminated against Plaintiffs based upon their gender as described above.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile: (707) 542-2589

-8-

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

35.     Defendants' conduct as described herein violated Plaintiffs' rights to Equal Protection under the Fourteenth Amendment to the United States Constitution.

36.     Plaintiffs' were deprived of their civil rights as a result of the official policy and custom of Defendants and as a result of the intentional conduct of Defendant MARK N. PAZIN, Merced County Sheriff.

37.     Defendants knew, or it should have been obvious to them, that Defendants' official policy and custom was likely to discriminate against Plaintiffs on the basis of their gender resulting in a deprivation of the Plaintiffs' rights to Equal Protection under the Fourteenth Amendment.

38.     Plaintiffs' were harmed by Defendants' discriminatory conduct and the violation of Plaintiffs' rights to Equal Protection under the Fourteenth Amendment.

39.     As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have suffered damages and will continue to suffer damages, including, but not limited to, the loss of past and future wages and earning capacity, the loss of career and employment opportunities, and the loss of the benefits of seniority, training, advancement, and other employment related benefits, in an amount to be proven at trial.

40.     As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer severe emotional distress including, but not limited to, mental suffering, humiliation, mental anguish, anxiety, sleeplessness, loss of enjoyment of life, and other mental and emotional harm, in an amount to be proven at trial.

41.     By engaging in the conduct set forth above, Defendant MARK N. PAZIN acted intentionally, deliberately, willfully, maliciously, recklessly, fraudulently, and oppressively, with the intent to harm and discriminate against Plaintiffs, and with an improper and evil motive amounting to malice, in callous disregard of the rights of Plaintiffs.  Plaintiffs are therefore entitled to recover punitive and exemplary damages from Defendant MARK N. PAZIN, in an amount to be proven at trial.

42.     Plaintiffs are entitled to reasonable attorneys' fees, expert witness fees, and costs pursuant to 42 United States Code section 1988 and other applicable laws.

**FIRST AMENDED COMPLAINT FOR DAMAGES**            1:12-CV-01636-AWI-SKO

### THIRD CAUSE OF ACTION

Gender Discrimination and Harassment in Violation of the California FEHA

(Against All Defendants)

43.     Plaintiffs reallege and incorporate by reference all of the preceding allegations of this Complaint as though fully set forth herein.

44.     Under the California Fair Employment and Housing Act ("FEHA"), Government Code section 12940, et. seq., it is an unlawful employment practice for an employer, because of a person's gender or sex, "to discriminate against the person in compensation or in terms, conditions, or privileges of employment" or to harass an employee based upon their gender or sex.  FEHA makes it unlawful for an employer to discriminate against any person because the person has opposed any practices forbidden by FEHA, or because the person has filed a complaint, testified, or assisted in any related proceeding.  Under FEHA, it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  It is also unlawful for any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under FEHA, or attempt to do so.

45.     At all relevant times, Defendants were employers covered by the provisions of California Government Code section 12940, et seq.

46.     Plaintiffs are females protected by the anti-discrimination laws of California Government Code section 12940, et seq., and at all relevant times, were employees of Defendants within the meaning of these provisions.

47.     As described above, Defendants have engaged in a continuous course of discriminatory conduct and harassment against Plaintiffs and other female correctional officers that has materially and adversely affected the terms, conditions, and privileges of Plaintiffs' employment and has significantly impacted Plaintiffs' job performance, prospects for advancement, and promotional opportunities.  Defendants have engaged in these unlawful acts throughout the course of Plaintiffs' employment up through the filing of this complaint in violation of Plaintiffs' rights under California Government Code section 12940, et seq.

///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    1:12-CV-01636-AWI-SKO

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

48.    Defendants engaged in the discrimination and harassment described herein because of Plaintiffs' gender and sex.

49.    Defendants' policies, practices and/or procedures in terms of hiring, staffing, scheduling, transferring, assigning, promoting, and compensating correctional officers as described herein had a disproportionate and adverse impact on female employees such as Plaintiffs with respect to the terms and conditions of their employment.

50.    By reason of the continuous nature of Defendants' discriminatory conduct, which has been ongoing and persistent throughout the course of Plaintiffs' employment, Plaintiffs are entitled to application of the continuing violation doctrine for all of the violations alleged herein.

51.    As a direct, legal, and proximate result of Plaintiffs' gender, sex, and/or protected status as females, Defendants discriminated against and harassed Plaintiffs and/or took adverse employment actions against Plaintiffs in regards to the compensation, terms, conditions, and privileges of their employment, all in violation of FEHA.

52.    As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have suffered damages and will continue to suffer damages, including, but not limited to, the loss of past and future wages and earning capacity, the loss of career and employment opportunities, and the loss of the benefits of seniority, training, advancement, and other employment related benefits, in an amount to be proven at trial.

53.    As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer severe emotional distress including, but not limited to, mental suffering, humiliation, mental anguish, anxiety, sleeplessness, loss of enjoyment of life, and other mental and emotional harm, in an amount to be proven at trial.

54.    By engaging in the conduct set forth above, Defendant MARK N. PAZIN acted intentionally, deliberately, willfully, maliciously, recklessly, fraudulently, and oppressively, with the intent to harm and discriminate against Plaintiffs, and with an improper and evil motive amounting to malice, in callous disregard of the rights of Plaintiffs.  Plaintiffs are therefore entitled to recover punitive and exemplary damages from Defendant MARK N. PAZIN, in an amount to be proven at trial.

-11-

55.     Plaintiffs are entitled to reasonable attorneys' fees, expert witness fees, and costs pursuant to California Government Code section 12965(b) and other applicable laws.

### FOURTH CAUSE OF ACTION

Failure to Prevent Discrimination and Harassment in Violation of the California FEHA

(Against All Defendants)

56.     Plaintiffs reallege and incorporate by reference all of the preceding allegations of this Complaint as though fully set forth herein.

57.     Defendants' conduct, as described above, constitutes discrimination and harassing conduct against Plaintiffs under the provisions of California Government Code section 12940, et seq.  Despite the longstanding and ongoing nature of this discrimination and harassment, Defendants failed to take reasonable steps necessary to prevent the unlawful discrimination and harassment of Plaintiffs from occurring as required under California Government Code section 12940(j) and (k).

58.     Defendants' failure to take reasonable steps to prevent the unlawful discrimination and harassment against Plaintiffs was a substantial factor in causing Plaintiffs' harm as described herein.

59.     As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have suffered damages and will continue to suffer damages, including, but not limited to, the loss of past and future wages and earning capacity, the loss of career and employment opportunities, and the loss of the benefits of seniority, training, advancement, and other employment related benefits, in an amount to be proven at trial.

60.     As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have suffered and will continue to suffer severe emotional distress including, but not limited to, mental suffering, humiliation, mental anguish, anxiety, sleeplessness, loss of enjoyment of life, and other mental and emotional harm, in an amount to be proven at trial.

61.     By engaging in the conduct set forth above, Defendant MARK N. PAZIN acted intentionally, deliberately, willfully, maliciously, recklessly, fraudulently, and oppressively, with the intent to harm and discriminate against Plaintiffs, and with an improper and evil motive

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-12-

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

1  amounting to malice, in callous disregard of the rights of Plaintiffs.  Plaintiffs are therefore

2  entitled to recover punitive and exemplary damages from Defendant MARK N. PAZIN, in an

3  amount to be proven at trial.

4       62.    Plaintiffs are entitled to reasonable attorneys' fees, expert witness fees, and costs

5  pursuant to California Government Code section 12965(b) and other applicable laws.

6  **FIFTH CAUSE OF ACTION**

7  Request for Temporary Restraining Order and Preliminary and Permanent Injunctions

8  (Against All Defendants)

9       63.    Plaintiffs reallege and incorporate by reference all of the preceding allegations of

10  this Complaint as though fully set forth herein.

11       64.    As set forth above, Defendants have engaged in a continuous course of

12  discriminatory conduct and harassment against Plaintiffs and other female correctional officers

13  that has materially and adversely affected the terms, conditions, and privileges of Plaintiffs'

14  employment.  Defendants have engaged in these unlawful acts throughout the course of Plaintiffs'

15  employment up through the filing of this complaint.

16       65.    Defendants have engaged in a longstanding pattern and practice of discriminating

17  against female correctional officers and limiting the number of female correctional offers they

18  hire and employ at their facilities, despite formal complaints, repeated objections, a prior lawsuit,

19  and a settlement involving similar claims.  Defendants have been unresponsive to the complaints

20  of Plaintiffs and other female correctional officers regarding the gender discrimination and

21  harassment occurring in the Merced County Sheriff's Department.  Defendants have refused and

22  still refuse to refrain from their unlawful conduct.

23       66.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of

24  this Court, will cause great and irreparable injury to Plaintiffs in that they will continue to be

25  deprived of their right to fair and equal treatment in their employment and to be free from

26  unlawful discrimination based on their gender and sex.

27       67.    Plaintiffs have no adequate remedy at law for the injuries currently being suffered

28  or that are likely to occur by virtue of Defendants' discriminatory conduct in the work place as

-13-

1 described above. The acts of Defendants described above constitute an invasion of Plaintiffs'

2 constitutional and statutory rights and an injunction is necessary to prevent a total and continued

3 destruction of these rights. It will be impossible for Plaintiffs to determine the precise amount of

4 damage that they will suffer if Defendants' conduct is not restrained and Plaintiffs will be forced

5 to institute a multiplicity of suits to obtain adequate compensation for their injuries.

6      68.     As a proximate result of Defendants' wrongful conduct, Plaintiffs' ability to earn

7 their living as correctional officers with the Merced County Sheriff's Department has been

8 damaged and will be further damaged so long as Defendants' conduct continues. Therefore,

9 Plaintiffs request that the Court enjoin Defendants from discriminating against, harassing, and/or

10 retaliating against Plaintiffs and other female correctional officers employed at the Merced

11 County Sheriff's Department on the basis of their sex or gender, as described above.

12      WHEREFORE, Plaintiffs pray as follows:

13      1.     For special damages according to proof, including past and future lost wages,

14 earning capacity, and other employment related benefits;

15      2.     For general and consequential damages according to proof, including damages for

16 Plaintiffs' mental suffering, anxiety, humiliation, and emotional distress,;

17      3.     For punitive damages against the appropriate defendants in a sum adequate to

18 punish and to deter such conduct in the future, according to proof;

19      4.     For injunctive relief;

20      5.     For reasonable attorneys' fees, expert witness fees, and costs pursuant to 42 United

21 States Code sections 1988 and 2000e-5(k), California Government Code section 12965(b), and

22 other applicable laws;

23      6.     For interest on all damages including interest under Civil Code  sections 3287,

24 3288, and 3291 and other applicable laws; and

25 ///

26 ///

27 ///

28 ///

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

-14-

7.      For such other and further relief as the Court may deem proper.

Dated:  February 4, 2013                          ABBEY, WEITZENBERG, WARREN & EMERY

                                                  By: _____
                                                      Brendan M. Kunkle
                                                      Michael D. Green
                                                      Matthew R. Lilligren
                                                      Attorneys for Plaintiffs

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

-15-

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    1:12-CV-01636-AWI-SKO

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a jury trial in this action as provided by Rule 38(a) of the

3  Federal Rule of Civil Procedure.

4

5  Dated:  February 4, 2013                ABBEY, WEITZENBERG, WARREN & EMERY

6

7

8  By: _____
9                                          Brendan M. Kunkle
                                           Michael D. Green
10                                         Matthew R. Lilligren
                                           Attorneys for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

-16-